**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                :
WILLIAM L. NETTING, Jr.,        :   Civ. Action No. 17-12457(RMB)
                                :
        Petitioner,             :
                                :   **MEMORANDUM AND ORDER**
    v.                          :
                                :
STATE OF NEW JERSEY, *et al*,   :
                                :
        Respondents.            :
_____    :

Petitioner William L. Netting, Jr., a prisoner incarcerated in Blackwater River Correctional Facility in Milton, Florida, seeks to bring a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, seeking to be brought to a New Jersey municipal court to resolve charges of probation violation and contempt. (Pet., ECF No. 1; IFP app., ECF No. 1-3 at 2.) Petitioner did not submit a complete application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"). (ECF No. 1.)

28 U.S.C. § 1915(a) provides, in relevant part:

> (2) A prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

> period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Petitioner submitted his affidavit of poverty and the certification of a prison official, but he did not submit his trust account statement for the 6-month period immediately preceding his filing of this petition. Thus, the case will be administratively terminated, subject to reopening upon submission of the proper trust fund account statement.

However, Petitioner should be aware that prior to ordering an Answer to the Petition from the Respondents, the Court must review the petition and dismiss it "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. If Petitioner submits his trust fund account statement and reopens this matter, the Court would be required to dismiss the petition because Petitioner is not entitled to the relief he seeks.

28 U.S.C. § 2254(a) provides:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Petitioner here is concerned with outstanding charges of probation violation in Ocean City, New Jersey Municipal Court, and seeks to be brought to that court to resolve the charges. Petitioner does not allege his future custody by the State of New Jersey violates the Constitution or law or treaties of the United States. Instead, he seeks earlier resolution of the probation violation charges pending against him in New Jersey, while he is in prison in Florida. (Pet., ECF No. 1 at 5.)

Petitioner recognizes relief is not available under the Interstate Agreement on Detainers Act, 18 U.S.C.App. 2, §§ 1-9. (Id., at 4.) See Carchman v. Nash, 473 U.S. 716, 726 (1985) (holding Article III of the IADA does not apply to a detainer based on a charge of probation violation); accord U.S. v. Jankowski, 771 F.2d 70, 71 (1985). Section 2254 may not be used in place of Article III of the IADA to obtain earlier resolution of probation violation charges in another state. See Carchman, 473 U.S. at 731, n. 10 (a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence). Furthermore, Petitioner cannot challenge the validity of a probation revocation hearing that has not yet occurred. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.")

3

Even if the Court construed the present petition simply as a request for a writ of habeas corpus ad testificandum, such relief is unavailable. Under 28 U.S.C. § 2241(c)(5), a federal court has the authority to issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner *as a witness in federal court*. U.S. v. Cruz-Jiminez, 977 F.2d 95, 99 (3d Cir. 1992) (emphasis added.) Here, Petitioner seeks to be brought to a municipal court in New Jersey, and the federal writ of habeas corpus as testificandum is inapplicable.

**IT IS** therefore on this **1st day of February, 2018;**

**ORDERED** that the Clerk of the Court shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dept.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs …."); and it is further

**ORDERED** that if Petitioner chooses to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th &

Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Petitioner's writing shall include a certified 6-month trust account statement or the $5.00 filing fee; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and either a certified 6-month trust fund account statement or payment of the filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen this case; and the Court will screen the Petition pursuant to Habeas Rule 4, as discussed above; and it is finally

**ORDERED** that the Clerk of the Court shall serve a copy of this Order, together with a blank form "Affidavit of Poverty and Certification (Habeas Corpus), DNJ-ProSe-007-B-(Rev.09/09)" upon Petitioner by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**