**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

_____
                                  :
WILLIAM L. NETTING, Jr.,           :    Civ. Action No. 17-12457(RMB)
                                  :
         Petitioner,              :
                                  :         **OPINION**
     v.                           :
                                  :
STATE OF NEW JERSEY, *et al*,      :
                                  :
         Respondents.             :
_____        :

Petitioner William L. Netting, Jr., a prisoner incarcerated in Blackwater River Correctional Facility in Milton, Florida, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, seeking to be brought to a New Jersey municipal court to resolve charges of probation violation and contempt. (Pet., ECF No. 1; IFP app., ECF No. 1-3 at 2.)

I.   PROCEDURAL HISTORY

On February 1, 2018, the Court administratively terminated this matter because Petitioner failed to submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 or pay the $5 filing fee. (Memorandum and Order, ECF No. 2.) This Court also pre-screened the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and found that the petition failed to state a cognizable habeas claim. (Id.)

On February 26, 2018, Petitioner paid the filing fee and sought to reopen this matter. Petitioner, however, did not amend his petition to state a cognizable claim.

III. DISCUSSION

As this Court stated in its February 1, 2018 Memorandum and Order:

> Petitioner here is concerned with outstanding charges of probation violation in Ocean City, New Jersey Municipal Court, and seeks to be brought to that court to resolve the charges. Petitioner does not allege his future custody by the State of New Jersey violates the Constitution or law or treaties of the United States. Instead, he seeks earlier resolution of the probation violation charges pending against him in New Jersey, while he is in prison in Florida. (Pet., ECF No. 1 at 5.)
>
> Petitioner recognizes relief is not available under the Interstate Agreement on Detainers Act, 18 U.S.C.App. 2, §§ 1-9. (Id., at 4.) See Carchman v. Nash, 473 U.S. 716, 726 (1985) (holding Article III of the IADA does not apply to a detainer based on a charge of probation violation); accord U.S. v. Jankowski, 771 F.2d 70, 71 (1985). Section 2254 may not be used in place of Article III of the IADA to obtain earlier resolution of probation violation charges in another state. See Carchman, 473 U.S. at 731, n. 10 (a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence). Furthermore, Petitioner cannot challenge the validity of a probation revocation hearing that has not yet occurred. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses

2

prematurely in federal court.")

> Even if the Court construed the present petition simply as a request for a writ of habeas corpus *ad testificandum*, such relief is unavailable. Under 28 U.S.C. § 2241(c)(5), a federal court has the authority to issue a writ of habeas corpus *ad testificandum* to secure the appearance of a state or federal prisoner as a witness in federal court. U.S. v. Cruz-Jiminez, 977 F.2d 95, 99 (3d Cir. 1992) (emphasis added.) Here, Petitioner seeks to be brought [as a witness] to a municipal court in New Jersey, and the federal writ of habeas corpus *ad testificandum* is inapplicable.

IV. CONCLUSION

The habeas petition is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts because it fails to state a cognizable habeas claim. An appropriate Order will be filed.

DATED: February 28, 2018

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**