**NOT FOR PUBLICATION**

```
                      UNITED STATES DISTRICT COURT
                         DISTRICT OF NEW JERSEY
                            CAMDEN VICINAGE
_____
                            :
WILLIAM L. NETTING, Jr.,    :    Civ. Action No. 17-12457(RMB)
                            :
          Petitioner,       :
                            :               OPINION
     v.                     :
                            :
STATE OF NEW JERSEY, et al, :
                            :
          Respondents.      :
_____:
```

This matter comes before the Court upon Petitioner's Motion for Leave to File Memorandum (ECF No. 6) and Motion for Reconsideration (ECF No. 7) in this proceeding under 28 U.S.C. § 2254. The motion for leave to file memorandum will be granted granted, and for the reasons discussed below, the motion for reconsideration will be denied.

I. BACKGROUND

Petitioner William L. Netting, Jr., a prisoner incarcerated in Blackwater River Correctional Facility in Milton, Florida, filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, seeking to be brought to a New Jersey municipal court to resolve charges of probation violation. (Pet., ECF No. 1; IFP app., ECF No. 1-3 at 2.) On February 1, 2018, the Court administratively terminated this matter because Petitioner

failed to submit an application to proceed *in forma pauperis* under 28 U.S.C. § 1915 or pay the $5 filing fee. (Memorandum and Order, ECF No. 2.) This Court also pre-screened the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and found that the petition failed to state a cognizable habeas claim. (Id.)

On February 26, 2018, Petitioner paid the filing fee and sought to reopen this matter. Petitioner, however, did not amend his petition to state a cognizable claim. The Court reopened this matter and dismissed the petition for failure to state a cognizable habeas claim, explaining that a writ of habeas corpus ad testificandum under 28 U.S.C. § 2241(c)(5) is available only to secure the appearance of a state or federal prisoner as a witness in federal court. (Opinion and Order, ECF Nos. 4, 5.)

Petitioner submits the following statement of facts in support of his motion for reconsideration.

> Petitioner was convicted of DUI on the 29th day of January, 1998, after being found guilty at trial. The trial court was informed of a second tape recording of the accused's four negative breathalyzer tests on the two separate machines that the state failed to produce on discovery. The municipal court sentenced the Petitioner to 30 days jail, one years [sic] probation with condition of probation: 48 hours of IDRC; 30 days community service; court costs and fines; and the two years drivers license suspension. Ex. "A". Petitioner was notified by FDOC that there were warrants for arrest in Ocean City, New Jersey. Petitioner filed a Demand for Speedy

2

>     Trial, Motion to Dismiss, and Final Motion to
>     Dismiss case 637107 [his DUI conviction]. All
>     motions were denied without elaboration Ex.
>     "B". Petitioner followed up to gain access to
>     the court by filing a Petition for Writ of
>     Habeas Corpus Ad Testificandum and/or Ad
>     Prosequendum on the 20th day of October, 2015,
>     that included a Proposed Order Granting Writ
>     of Habeas Corpus Ad Testificandum and/or Ad
>     Prosequendum, along with a Proposed Order to
>     [the warden], and a Court Order for Telephonic
>     Hearing. Ex. "C". The Court Administrator sent
>     a notice that all motions were denied on the
>     16th day of November 2015. Ex "D". After
>     attempts to appeal to the Superior Court of
>     Cape May New Jersey failed, an appeal was
>     filed directly to the Superior Court of New
>     Jersey. The appeal was denied as interlocutory
>     on the 21st day of November, 2016. Ex. "E". For
>     a detailed record the Petitioner provided the
>     Superior Court of New Jersey, see his Motion
>     for Reconsideration filed in January 2016,
>     that includes a copy of the Municipal Courts
>     Order on the 10th day of November, 2016. Ex "F"
>     and Ex. "G" for a copy of the post hoc
>     recommendation to the Court from Donald R.
>     Charles, Jr., Ocean County Municipal
>     Prosecutor.
>
>     . . .
>
>     Petitioner avers that he filed his motions and
>     his petitions for writ of habeas corpus ad
>     testificandum and/or ad prosequendum, more
>     specifically for a telephonic hearing to
>     resolve all outstanding matters involved with
>     case 637107, not just a VOP.

(Mot. For Reconsideration, ECF No. 7 at 1-3.)

Exhibit G to Petitioner's motion, the November 9, 2016 letter from Donald R. Charles, Jr., Ocean City Municipal Prosecutor, to the Honorable Judges of the Superior Court of New Jersey, Appellate Division, provides, in relevant part:

3

The Ocean City Municipal Judge, Richard A. Russell, presided over defendant's trial. Judge Russell previously determined defendant to be in violation of probation for failing to provide the Court proof of defendant's satisfactory completion of the term of probation referred to above. A bench warrant was issued for the VOP. Additional bench warrants were issued for defendant's failure to appear in the Ocean City Court to answer for his failure to pay the monetary obligation to the Court and for failure to complete his IDRC requirement. The warrants are not accompanied by detainers.

. . .

Judge Russell previously denied defendant's motion to void the warrant for the VOP which was communicated to defendant. The present motions seek relief to enable defendant to have a rehearing whether he violated the term of probation and for him to appear telephonically with court appointed counsel for that purpose.

. . .

Notwithstanding the defendant may not have technically satisfied the term of probation, I have requested Judge Russell to find the term of defendant's probation to have been satisfied. My understanding is that Judge Russell will accept my recommendation and will be notifying defendant his VOP has been vacated and the warrant relating to the VOP is recalled.

2. VALIDITY OF WARRANTS FOR OTHER THAN VOP

The defendant does not raise in the pending motions the validity of the other warrants issued for failure to appear regarding his not satisfying the sentence terms other than probation requirements. Exhibits to the motions, however, do refer to the validity of the other warrants. None of the warrants are

>accompanied by detainers. Defendant seems to
>allege in the attachments, but provides no
>proof, for the allegation the said warrants
>interfere with his program participation while
>incarcerated. Even if that were the case, that
>fact alone would not constitute a legally
>sufficient reason to cause the validly issued
>warrants to be recalled.

(Motion for Reconsideration, Ex. G, ECF No. 7 at 50.) On November 10, 2016, Judge Russell recalled the warrant for failure to comply with probation, finding compliance based on Petitioner's attendance at Gateway Steps to Recovery in 2000-2001. (Id., Ex. F, ECF No. 7 at 47.)

Petitioner contends that the "in custody' requirement of § 2254 is met because "his probation was a deferred sentencing which qualifies as a sentence that has not yet been served, which invokes both those constitutional and procedural safeguards put in place by the legislative and court's [sic] for issues just like the one here before this Court." (Mot. for Reconsideration, ECF No. 7 at 12.) Petitioner invokes his due process right to testify at a probation revocation hearing. (Id. at 13.)

Petitioner addressed the fact that his VOP has been vacated. He states that he seeks "a telephonic hearing to resolve all outstanding matters involved with case 637107, not just a VOP." (Id. at 6.)

>[T]he municipal court is engaging in dilatory
>tactics that are otherwise interfering [sic]
>with his custody level in prison and will
>result in future problems, both seen and

5

>       unseen. Failure to provide for resolution of
>       case number 637107 and all of its detainerless
>       warrants is a fundamental miscarriage of
>       justice where access to the courts has been
>       denied.

(Motion for Reconsideration, ECF No. 7 at 7.)

In this Court's Screening Order and in the final Opinion and Order dismissing this § 2254 proceeding for failure to state a cognizable habeas claim, the Court explained:

> Petitioner recognizes relief is not available under the Interstate Agreement on Detainers Act, 18 U.S.C.App. 2, §§ 1-9. (Id., at 4.) See Carchman v. Nash, 473 U.S. 716, 726 (1985) (holding Article III of the IADA does not apply to a detainer based on a charge of probation violation); accord U.S. v. Jankowski, 771 F.2d 70, 71 (1985). Section 2254 may not be used in place of Article III of the IADA to obtain earlier resolution of probation violation charges in another state. See Carchman, 473 U.S. at 731, n. 10 (a prisoner subject to a probation-violation detainer has no constitutional right to have his detainer heard in a speedy manner while serving a separate sentence). Furthermore, Petitioner cannot challenge the validity of a probation revocation hearing that has not yet occurred. See Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 493 (1973) ("nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.")
>
> Even if the Court construed the present petition simply as a request for a writ of habeas corpus *ad testificandum*, such relief is unavailable. Under 28 U.S.C. § 2241(c)(5), a federal court has the authority to issue a writ of habeas corpus *ad testificandum* to secure the appearance of a state or federal prisoner as a witness in federal court. U.S.

> v. Cruz-Jiminez, 977 F.2d 95, 99 (3d Cir. 1992) (emphasis added.) Here, Petitioner seeks to be brought [as a witness] to a municipal court in New Jersey, and the federal writ of habeas corpus *ad testificandum* is inapplicable.

(Memorandum and Order, ECF No. 2; Opinion and Order, ECF Nos. 4, 5.)

III. DISCUSSION

The Federal Rules of Civil Procedure, to the extent they do not conflict with the Habeas Corpus Rules, are applicable to cases brought under 28 U.S.C. § 2254. Woodford v. Garceau, 538 U.S. 202, 208 (2003). Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." There is nothing in the Habeas Rules in conflict the Rule 59(e). Petitioner timely filed a motion for reconsideration.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

> [A] judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir.1995).

Max's Seafood Café ex rel. Lou-Ann v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

This Court lacks jurisdiction under § 2254 to direct the Ocean City Municipal Court to hold a telephonic hearing on a detainer-less VOP warrant regarding Petitioner's 1998 DUI conviction, especially now that the VOP has been vacated. Although there appears to be an outstanding detainer-less warrant for failure to pay the entire fine imposed in connection with his 1998 conviction, this does not change the fact that this Court lacks jurisdiction to compel the municipal court to provide Petitioner with a telephonic hearing while he remains incarcerated on an unrelated sentence in another state. Petitioner has not shown an intervening change in controlling law, new evidence not available when this Court dismissed his habeas petition, or the need to correct a clear error of law or fact to warrant reconsideration of dismissal of his § 2254 petition.

Insofar as Petitioner seeks to challenge his 1998 municipal court conviction by alleging a Brady violation, Petitioner must exhaust this claim in the state courts by bringing a petition for post-conviction relief, and if denied, by completing one complete round of appellate review, which includes appeal to the Appellate Division and petition for certification to the New Jersey Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Only then

can Petitioner bring a Brady claim challenging his DUI conviction in a federal habeas petition, in the very unlikely event that the claim is not procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991) (the independent and adequate state ground doctrine "applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.")

IV. CONCLUSION

The Court grants Petitioner's motion for leave to file a memorandum and has considered the memorandum and Petitioner's motion for reconsideration. For the reasons discussed above, the motion for reconsideration is denied.

An appropriate Order will be filed.

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

**Dated: September 10, 2018**